IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARY SMITH, | § | |
| #25022096, | § | |
| PETITIONER, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:25-CV-2473-B-BK |
| | § | |
| DALLAS COUNTY SHERIFF, | § | |
| RESPONDENT. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition when appropriate. As detailed here, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.[1]

### I. BACKGROUND

On September 12, 2025, Gary Smith, a pretrial detainee at the Dallas County Jail, filed a construed petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. He is awaiting trial on grand jury indictments for criminal mischief and evading arrest and detention. Doc. 1; Doc. 3 at 3. *State v. Smith*, Cause Nos. F25-47007, F25-47008, F25-47213 (291st Jud. Dist. Ct.,

---

[1] This case was initially filed in the Fort Worth Division of this Court. The case was then transferred to the United States District Court for the Eastern District of Texas. Doc. 5. The Eastern District in turn construed the case as a habeas corpus petition and transferred it to this Court. Doc. 8.

Dallas Cnty).[2]  In response to the deficiency order, Smith filed a habeas corpus petition on the court form.  Doc. 3.  He alleges that his civil rights were violated when the arresting officers searched the trunk of his automobile without a search warrant.  Doc. 1 at 1-2; Doc. 3 at 2, 5.  Smith also asserts that his court appointed attorney "did not care about [his] rights and set [the criminal] case[s] for trial."  Doc. 3 at 2.  As in his initial letter request, it appears Smith seeks dismissal of his pending criminal charges because of an unlawful search and seizure.  *See* Doc. 1 at 1-2 (complaining initially that the prosecutors "won't drop the charges" despite the civil rights violation).

Upon review, the Court finds that to the extent Smith raises constitutional challenges related to his ongoing state criminal cases, his claims are barred by the *Younger* abstention doctrine.  Therefore, his petition should be dismissed for lack of jurisdiction.[3]

**II. ANALYSIS**

Challenges raised in a pretrial habeas corpus petition are governed by 28 U.S.C. § 2241.  *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998).  A § 2241 habeas petition is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief.  *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary

---

[2] The docket sheets for Petitioner's criminal cases are available on the Dallas County website at https://www.dallascounty.org/services/record-search/ (last accessed on Oct. 1, 2025).

[3] Because jurisdiction is lacking, the Court need not require compliance with the Court's filing requirements.

dismissal of § 2241 petition without ordering an answer from respondent); *see also* Rule 4 of the RULES GOVERNING SECTION 2254 CASES (providing for summary dismissal of habeas petitions).[4]

Review of pretrial habeas corpus petitions is limited, however, to avoid unwarranted interference with ongoing state-court criminal proceedings. *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977) (applying *Younger* abstention doctrine to pretrial habeas corpus petition and noting "[t]here is no practical difference between granting federal habeas relief from a pending state criminal trial and enjoining the same trial"). Therefore, the Court must first examine the threshold question of whether it has subject matter jurisdiction here.

As mentioned above, Smith appears to raise constitutional challenges related to his ongoing state criminal cases. The *Younger* abstention doctrine precludes federal courts from granting injunctive or habeas relief based on constitutional challenges to state criminal prosecutions that are pending at the time the federal action is instituted. *Younger v. Harris,* 401 U.S. 37, 41 (1971); *Kolski*, 544 F.2d at 766. For *Younger* to apply, three criteria must be satisfied: (1) the dispute must involve an ongoing state judicial proceeding; (2) an important state interest in the subject matter of the proceeding must be implicated; and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges. *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (citations omitted).

The *Younger* abstention requirements are met here. First, it appears Smith asks the Court to intervene to resolve issues related to his ongoing state criminal cases. And this Court's grant of habeas relief would necessarily interfere with the state court's ability to conduct its own

---

[4] Rule 1(b) of the RULES GOVERNING SECTION 2254 CASES renders the 2254 Rules applicable to habeas petitions not covered by § 2254.

proceedings, in contravention of *Younger*. *See Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) ("Interference is established 'whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly.'"). Second, the state obviously has a vital interest in prosecuting violations of its criminal laws. *DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984) ("The state has a strong interest in enforcing its criminal laws."). Third, Smith can litigate in the state proceedings the Fourth Amendment search and seizure claims and the ineffective-assistance of counsel claim he raises here. Texas courts also offer Smith the chance to exhaust any claim of ineffective assistance of counsel on collateral review if he is convicted. *See Trevino v. Thaler*, 569 U.S. 413, 426 (2013).

   Finally, while there are exceptions to the *Younger* abstention doctrine, Smith has not suggested, much less shown, that any of the very narrow exceptions would apply here. *See Gates*, 885 F.3d at 881 (detailing exceptions and noting the petitioner bears the burden of proof (citing *Younger*, 401 U.S. at 45)). Smith's dissatisfaction with the performance of his appointed counsel does not rise to extraordinary circumstances. *Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("Only if 'extraordinary circumstances' render the state court incapable of fairly and fully adjudicating the federal issues before it, can there be any relaxation of the deference accorded to the state criminal process."); *Chavez v. Dallas Cnty. Sheriff's Off.*, No. 3:21-CV-891-B-BK, 2022 WL 2182189, at *3 (N.D. Tex. Apr. 21, 2022), *rec. adopted*, 2022 WL 2181067 (N.D. Tex. June 16, 2022) (dismissing pre-trial habeas petition raising ineffective assistance of counsel, among other grounds, based on the *Younger* abstention doctrine because the petitioner had shown no extraordinary circumstances).

In sum, because Smith cannot show that any exception to the *Younger* abstention doctrine is warranted, the Court should abstain from exercising habeas jurisdiction over his claims that seek federal intervention in his pending Dallas County prosecution. *See Kolski*, 544 F.2d at 766 (affirming denial of federal habeas petition by state pretrial detainee relating to his pending criminal prosecution).

### III. CONCLUSION

For all these reasons, Smith's habeas corpus petition should be **DISMISSED WITHOUT PREJUDICE** under the *Younger* abstention doctrine.

**SO RECOMMENDED** on October 3, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).